UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re: JANICE CARRINGTON,

Debtor.

Chapter 7

Case No.: 20-10034 (LGB)

-------------------------------------------------------------------X
JANICE CARRINGTON,

Plaintiff,

Adv. Pro. No.:

-against-

BELAIRE BOARD OF MANAGERS and
EACH INDIVIDUALLY
GUMLEY HAFT MANAGEMENT
CHARLES H. GREENTHAL MANAGEMENT
FIRST SERVICE RESIDENTIAL,

Defendants.
-------------------------------------------------------------------X

**NOTICE OF REMOVAL**

TO: The Honorable Lisa G. Beckerman, United States Bankruptcy Judge;
Janice Carrington, Plaintiff, *pro se*;
Clerk of the United States Bankruptcy Court for the Southern District of New York;
Clerk of the Court, Supreme Court of the State of New York, County of New York;

**PLEASE TAKE NOTICE THAT**, that pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Belaire Board of Managers and Gumley Haft Management, Charles H. Greenthal Management and First Service Residential (collectively, “Defendants”), hereby remove this action from the Supreme Court of the State of New York, County of New York (“State Court”), Index Number 158396/2025 (“Removed Action”) to the United States Bankruptcy Court for the Southern District of New York.

1. Defendants are the defendants in a civil action filed by Plaintiff, *pro se*, Janice

Carrington ("Carrington").

2. Specifically, on July 1, 2025, Plaintiff filed a Summons and Complaint, dated June 15, 2025 ("Complaint") with the Clerk of the State Court through the State Court's electronic filing system known as NYSCEF. A true and accurate copy of Plaintiff's Complaint, e-filed on NYSCEF is annexed hereto as **Exhibit "A."**

3. Pursuant to Title 28 U.S.C. § 1441(a) and 1452(a) of the United States Code, Defendants remove this action to the United States Bankruptcy Court for the Southern District of New York, which is the judicial district in which Carrington's bankruptcy case is pending.

4. The grounds for removal of this action are that Plaintiff is a debtor before the United States Bankruptcy Court for the Southern District of New York, under Case No. 20-10034-LGB, which is currently pending before Honorable Lisa G. Beckerman, United States Bankruptcy Judge. Such bankruptcy case remains open and as such jurisdiction remains with the Bankruptcy Court.

5. Further, Plaintiff has alleged claims that purported to violate New York False Claims Act ("FCA"). Plaintiff does not delineate any causes of action as against Defendants and asserts a claim of $5 million dollars without any supporting explanation. Nevertheless, Defendants contend that the claims that Plaintiff has alleged were presented to and adjudicated by the Bankruptcy Court.

6. Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28]." Furthermore, under Rule 9027 of the Federal Rules of Bankruptcy Procedure, a notice of removal is filed "with the clerk of the district and division within which is located the state or federal court where the civil action is pending." U.S.C.S. Bankruptcy R. 9027.

7. 28 U.S.C. § 1334(b) provides that district courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Each district court is empowered to "provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). In this District, a Standing Order of Reference refers all such cases to the Bankruptcy Court by default. *See* Amended Standing Order of Ref. 1, In the Matter of Standing Order of Reference re Title 11, No. 12 MISC 00032 (S.D.N.Y. Jan. 31, 2012).

8. A civil proceeding "arising in . . . a case under title 11" is a "core proceeding" over which the Bankruptcy Court has plenary jurisdiction. *Baker v. Simpson*, 613 F.3d 346, 350 (2d Cir. 2010), *cert. denied*, 562 U.S. 1149 (2011); *see* 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.").

9. By statute, core proceedings include, but are not limited to, "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate." When determining whether a contract dispute is a core proceeding, the court looks at "(1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization." *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 448 (2d Cir. 2005). Furthermore, the court will look at the nature of the proceeding and may determine the proceeding is a core proceeding if either (1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings or (2) the proceedings directly affect a core bankruptcy function." *Id.*

10. A civil proceeding is "related to . . . a case under title 11" if "the action's outcome

might have any conceivable effect on the bankrupt estate. Thus, an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Del. Trust Co. v. Wilmington Trust, N.A.*, 534 B.R. 500, 511 (S.D.N.Y 2015) (internal citations omitted); *see In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992).

11. Notably here, the allegations made by Plaintiff in the subject action are claims that pre-date Plaintiff's bankruptcy proceedings, including but not limited to, payment and lien disputes.

12. Removal of this action is, therefore, proper under 28 U.S.C. §§ 1441 and 1452 of the United States Code and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure because this is a civil action brought in State Court over which the Federal District Court would have had original jurisdiction had the action been commenced in Federal Court.

13. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) of the United States Code because it has not yet been served on all of the Defendants.

14. However, out of an abundance of caution, Defendants are filing this Notice of Removal within thirty (30) days of Plaintiff e-filing the Complaint on July 1, 2025.

15. Defendants are not waiving any affirmative defenses regarding the claims in the Complaint, including service of process.

16. This is a core proceeding. Defendants who are filing this Notice of Removal consent to the Bankruptcy Court's jurisdiction.

17. The only papers filed with the State Court on NYSCEF at the time of removal was the Complaint, a copy of which is annexed hereto.

**WHEREFORE**, Defendants hereby remove the Removed Action from the Supreme Court of the State of New York, County of New York, to the United States Bankruptcy Court for the Southern District of New York.

Dated: New York, New York
July 31, 2025

**Boyd Richards Parker & Colonnelli, P.L.**
*Attorneys for Defendants*

By: *_/s/Emil A. Samman_* ____________
Emil A. Samman, Esq.
Andreas Theodosiou, Esq.
600 Third Avenue, Suite 2800
New York, New York 10016-1906
Telephone Number: (212) 400-0626
Email: atheodosiou@boydlawgroup.com
Esamman@boydlawgroup.com

TO: *Via United States Postal Service Tracking Number:* 9589071052702537556149
*Pro Se* Plaintiff
Janice Carrington
500 Freedom View Lane
P.O. Box 358
Valley Forge, PA 19481

## AFFIRMATION OF SERVICE

STATE OF NEW YORK )
)ss.:
COUNTY OF NEW YORK )

Adam James, duly sworn deposes and says, that she is employed by Boyd Richards Parker & Colonnelli, P.L and that deponent is not a party to the action, is over 18 years of age and resides in Queens, State of New York.

I, affirm this 31st day of July, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law. **NOTICE OF REMOVAL** served upon:

*Via United States Postal Service Tracking Number:* 9589071052702537556149
Pro Se Plaintiff
Janice Carrington
500 Freedom View Lane
P.O. Box 358
Valley Forge, PA 19481

by depositing a true copy of same securely enclosed in a postage pre-paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Adam James